CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

SARA E. HENDERSON (CABN 329977)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7181
    FAX: (415) 436-7234
    Sara.Henderson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 26-CR-00157 CRB |
| | ) |
| Plaintiff, | ) UNITED STATES' UNOPPOSED MOTION FOR |
| | ) ORDER AUTHORIZING DISCLOSURE OF |
| v. | ) RETURNS AND RETURN INFORMATION |
| | ) AND AND PROTECTIVE ORDER  : ORDER |
| ELSIE ECLEVIA CURAMENG, | ) |
| | ) |
| Defendant. | ) |
| | ) |

      The United States of America, by and through its counsel of record, hereby respectfully moves the Court for an Order allowing the government to make disclosure of taxpayer return information pursuant to 26 U.S.C. § 6103(i)(4)(A), in order for the government to comply with its obligations pursuant to 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny.  The United States further moves the Court to enter a protective order in this case.  As grounds for this motion, the government states as follows:

      1.     On April 7, 2026, a federal grand jury in the Northern District of California returned an Indictment alleging that the defendant committed tax evasion, in violation of 26 U.S.C. § 7201, and

U.S.' UNOPP. MOT. FOR ORDER
26-CR-00157-CRB

    1

made and subscribed false tax returns, in violation of 26 U.S.C. § 7206(1).

2.     26 U.S.C. § 6103 generally prohibits, with certain exceptions, the disclosure of tax returns or return information.

3.     Sections 6103(b)(1) and 6103(b)(2) define "return" and "return information" broadly to include, *inter alia*, all tax and information returns filed pursuant to Title 26 and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

4.     Section 6103(b)(3) defines "taxpayer return information" as "return information" that is filed with or furnished to the Secretary of the Treasury by or on behalf of the taxpayer to whom the return information relates.

5.     Tax returns and return information may be disclosed in a federal proceeding pertaining to enforcement of a specifically designated federal criminal statute to which the United States is a party "to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such an order to give due consideration to congressional policy favoring the confidentiality of returns and return information. . . ."  26 U.S.C. § 6103(i)(4)(A).

6.     This case is a federal judicial proceeding pertaining to a specifically designated federal criminal statute within the meaning of Section 6103(i)(4).

7.     According to the Indictment, the defendant evaded taxes and filed false tax returns for calendar years 2019 through 2022.

8.     The evidence gathered during the investigation includes Forms 1040, U.S. Individual Income Tax Returns, IRS Account Transcripts, and other IRS information regarding the defendant. Thus, the documentary evidence contains information that falls within the meaning of "return" and "return information" as defined by 26 U.S.C. § 6103(b)(1) and (2).  In addition, during the course of the investigation the government obtained other financial records, including bank account records, regarding the defendant and other individuals and entities.  These records contain personal and financial information, including home addresses, Social Security numbers, bank account data, and dates of birth.

The government may exhibit some of this information during its case in chief, and this information may be material to the preparation of a defense.

9.      The government now seeks to disclose "returns" and "return information" belonging to the defendant to satisfy the government's obligations under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny.

10.      The government intends to produce this material in discovery to the defendant.  All materials that the government produces to the defense are solely for the use of the defendant, her attorney, or other individuals or entities acting within the attorney-client relationship to prepare for trial in this case.  The government seeks a protective order to prevent the unauthorized dissemination, distribution, or use of materials containing the personal and financial information of others.

11.      Counsel for the United States has conferred with counsel for the defendant, and the defendant has no opposition to the relief requested herein.

WHEREFORE, the United States hereby respectfully moves this Court for an Order:

1.      Authorizing the disclosure pursuant to 26 U.S.C. § 6103(i)(4) of the "returns" and "return information" gathered during the course of this investigation; and

2      Prohibiting, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the unauthorized dissemination of any personal or financial information of others disclosed by the government in connection with this matter.

Dated: April 22, 2026                                      CRAIG H. MISSAKIAN
                                                                           United States Attorney


                                                                            */s/ Sara E. Henderson*
                                                                           SARA E. HENDERSON
                                                                           Assistant United States Attorney

# [~~PROPOSED~~] ORDER

Upon motion of the government and for good cause shown, IT IS HEREBY ORDERED THAT the government, pursuant to Title 26, United States Code, Section 6103(i)(4), may disclose to the defendant and her attorney, the "returns" and "return information" gathered during the course of the investigation of the defendant in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny.  For purposes of this Order, "return" and "return information" shall be defined as set forth in Section 6103.

IT IS FURTHER ORDERED that:

1. The defendant, her attorney, and all other individuals or entities assisting the defendant who receive materials in connection with this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case.  Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

2. The defendant, her attorney, and all other individuals or entities who receive materials in connection with this case, shall maintain all materials in a manner consistent with the terms of this Order.  Materials produced to the defense after entry of this Order shall be stored in a secure manner in boxes, files, or folders marked "UNDER PROTECTIVE ORDER - DO NOT DISCLOSE."  Electronic materials produced to the defense and printouts obtained from electronic materials shall be handled in the same manner.

3. The defendant and her attorney are required to give a copy of this Order to all individuals or entities engaged or consulted by the defense in preparation for trial in this case.  A violation of this Order by the defendant, her attorney, or others may result in contempt of court proceedings or other civil or criminal sanctions.

4. Within 90 days of the conclusion of this case, including all related appeals, all documents produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office.  Alternatively, the defendant or her attorney may inform the United States Attorney's Office in writing that all such copies have been destroyed.

5.     The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

DATED:   April 23, 2026

_____
HONORABLE CHARLES R. BREYER
United States District Judge